IN THE UNITED STATES COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2010 DEC 17 P 12:08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DOUGLAS CATE, GREGORY CUNNINGHAM BEBE DOWE, MARJORIE JACKSON, JAMES LOVVORN, MICHAEL POWELL, and KEMBERLEY COHEE-IRBY,  Plaintiffs,  v.  SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETARY PURCHASING COOPERATIVE, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, and THOMAS RYAN,  Defendants. | Civil Action No. 2:10-cv-1075 |

### JOINT NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT

PLEASE TAKE NOTICE THAT Service Corporation International, SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Houston Market Support Center, L.P., Jane D. Jones, Gwen Petteway, and Thomas Ryan (each a "Defendant," and collectively "Defendants"), Defendants in the above-titled action, jointly and with the consent of all Defendants, and fully reserving the right to raise all defenses and objections to which they may be entitled, hereby remove this matter to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446. The grounds for removal are as follows:

### Claims Asserted in Complaint

1.   On October 5, 2010, Plaintiffs Douglas Cate, Gregory Cunningham, Bebe Dowe, Marjorie Jackson, James Lovvorn, Michael Powell and Kemberley Cohee-Irby (each

individually a "Plaintiff" and collectively "Plaintiffs") filed a "Class Action Complaint" in the Circuit Court for Montgomery County, Alabama captioned *Douglas Cate, Gregory Cunningham, Bebe Dowe ,Marjorie Jackson, James Lovvorn, Michael Powell and Kemberley Cohee-Irby, on behalf of themselves and all other employees similarly situated, v. Service Corporation International, SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Houston Market Support Center, L.P., Jane D. Jones, Gwen Petteway, and Thomas Ryan,* ("Complaint" or "Compl."). One or more of the Defendants were served with the Complaint on November 17, 2010.

2.  Plaintiffs allege and seek to represent a class of "employees of Defendants, who were suffered or permitted to work by defendants and not paid their regular . . . rate." (Compl. ¶ 26.) In particular, Plaintiffs allege that "Defendants encouraged or required hourly employees who worked as Funeral Directors, Embalmers and Family Service Counselors to perform community work in order to increase revenue for defendants but did not compensate these employees for their time spent engaging in community work outside regular work hours." (Compl. ¶ 219.) Plaintiffs further allege that "Defendants suffered or permitted employees to perform work by handling phone calls and other work related issues after normal business hours, but defendants would not compensate employees for all work performed." (Compl. ¶ 225.) Plaintiffs also allege that Defendants permitted "employees to work through part or all of their meal breaks and defendants did not properly compensate employees for their missed or interrupted meal breaks in accordance with the law." (Compl. ¶ 228.) Plaintiffs further allege that Defendants' "policy and/or practice was to not compensate Class Members their regular or statutorily required rate of pay for work defendants suffered or permitted Class Members to perform." (Compl. ¶ 230.)

3. Plaintiffs also allege that Defendants "failed to make, keep and preserve adequate and accurate records of the employment of Class Members concerning their wages, hours and other conditions of employment." (Compl. ¶ 237.)

4. Based on these and other allegations, Plaintiffs assert claims on behalf of themselves and potential class members for various violations of various common law claims, such as breach of contract, fraud, unjust enrichment, breach of implied covenant of good faith and fair dealing, conversion, misrepresentation (Compl. ¶¶ 240-312) and seek the value of the Class Members' wages and injunctive relief and attorneys' fees (Compl. "Prayer for Relief"), as well as other relief.

5. The Complaint does not define a class period, and Plaintiffs allege that the applicable statute of limitation is tolled based upon the filing of two federal actions and, therefore, Defendants should be stopped from asserting a statute of limitations defense. (Compl. ¶¶ 1-17.)

### Compliance with Statutory Requirements

6. On November 17, 2010, Plaintiffs served one or more of the Defendants. Defendants' removal of this action is timely because Defendants are removing this matter within 30 days of service. *See* 28 U.S.C. § 1446(b).

7. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the "Class Action Complaint," filed in the Circuit Court for Montgomery County, Alabama on October 5, 2010 and all other documents filed therein are attached hereto as Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of the action to Plaintiffs, and promptly will file a copy of this Notice of Removal with the Clerk of the Circuit Court for Montgomery County, Alabama.

## Jurisdiction

9.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")). Under CAFA, federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100, 28 U.S.C. § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(c) and (d)(2). All CAFA requirements are satisfied in this case.

## Background

10.   Since 2006, Plaintiffs' counsel[1] has been pursuing Fair Labor Standard Act ("FLSA") and other wage claims against Defendants in multiple courts around the country. In 2006, Plaintiffs' counsel initiated FLSA and other wage claims against SCI in *Prise, et al. v. Alderwoods Group, Inc.*, No. 06-1641 in the United States District Court for the District of Pennsylvania ("*Prise*"). (Compl. ¶ 2.) The *Prise* Court dismissed SCI, so Plaintiffs' counsel then asserted state law wage claim actions on behalf of the same "employees" that it seeks to represent in this case.

11.   The Complaint in this action is a continuation of that effort. For example, the proposed class of employees includes "employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutory required rate of pay for all hours worked." (Compl. ¶ 27.) The proposed class includes employees who performed work in certain

---

[1] Reference to Plaintiffs' counsel refers to the law firms of Thomas & Solomon, LLP and Margolis Edelstein. *See* Compl. ¶ 207.

categories (Community Work Policy, On Call Pay Policy, Meal Break Policy and Unrecorded Work Time Policy.) The allegations describing the employees who worked in those categories includes <u>all</u> employees working for Defendants. (Compl. ¶27.)

12. This broad definition of the employees who make up the Class Members in the Complaint is consistent with the allegations in other actions filed by Plaintiffs' counsel. One of those actions was filed in California state court following SCI's dismissal in *Prise*. Specifically, after dismissal of SCI in *Prise*, Plaintiffs filed an action in California State Court in and for the County of Alameda, Case No. RG07359593 (the "California Action.") (Compl. ¶ 9.) (*See* California Amended Complaint attached hereto as Exhibit B.) The California Action was the first lawsuit to name SCI Funeral and Cemetery Purchasing Cooperative Inc., SCI Houston Market Support Center, Jane D. Jones, Gwen Petteway and Thomas Ryan as Defendants. Defendants removed the California Action to the United States District Court for the Northern District of California, Case No. CV-08-1190 SI. (Compl. ¶ 12.)

13. The sole basis of the federal court's jurisdiction in the California Action was CAFA. *(See* Notice of Removal fled in *Claude Bryant,* et. al *v. Service Corporation International, et al.* 08-CV-1190SI attached hereto as Exhibit C.) Thereafter, Plaintiffs' Counsel filed a Motion to Remand (California Action Dkt.34). After these Defendants filed their Response and Plaintiffs' Counsel filed their Reply, the Court denied Plaintiffs' Motion to Remand. (California Action Dkts. 51-54 and 56*), (See* Declaration of Lonnie J. Williams, Jr., attached hereto as Exhibit D.)

14. One of the issues addressed by the Court in the California Action was the conflicting position taken by Plaintiffs Counsel on this issue of CAFA. The Court noted that in the first iteration of this litigation, in *Prise,* Plaintiffs' Counsel argued that the court could

5

exercise original jurisdiction over the state law claims at issue here, specifically because CAFA's $5,000,000 amount in controversy had been met. *See*, California Action Dkt. 53. The Court found that position more or less inconsistent with their current position, which was that defendants couldn't establish that the amount in controversy exceeds $5,000,000. (California Action Dkt. 56.)

15. For two years after the California Action was removed to federal court, Plaintiffs' counsel vigorously litigated and attempted to obtain, pursuant to Fed. R. 23, certification of a nationwide class. Plaintiffs abandoned those efforts on January 15, 2010, when Plaintiffs' counsel filed a Notice of Withdrawal of Plaintiffs' Motion for Rule 23 Class Certification. In July 2010, the Plaintiffs in the California action sought and obtained an Order dismissing the claims asserted in the California Action. (Compl. ¶¶ 14-16.)

16. In January 2008, while simultaneously prosecuting the California action, Plaintiffs' counsel filed a case in Arizona alleging FLSA and other violations against Defendants in *Stickle, et al. v. SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc.; SCI Eastern Market Support Center, L.P.; SCI Houston Market Support Center, L.P.; SCI Funeral and Cemetery Purchasing Cooperative, Inc.; Service Corporation International; Jane D. Jones; Gwen Petteway; Thomas Ryan; Curtis Briggs; The SCI 401K Retirement Savings Plan; and Julie Douglas, ("Stickle")*.[2] The allegations of the *Stickle* Complaint are virtually identical to the Complaint here. A copy of the *Stickle* Complaint is attached as Exhibit E.

---

[2] United States District Court in and for the District of Arizona, Case No. 2:08-cv-00083-MHM

17. On September 30, 2009, under the FLSA's lenient standard, the *Stickle* Court granted Plaintiffs' request to conditionally certify a class of current and former employees. In connection with the Court's Order, on October 23, 2009, Defendants provided Plaintiffs with a list of employees (the "List") who worked in various states for various Service Corporation International subsidiaries. There are 10,745 employees contained on the List. (*See* Exhibit D ¶ 5.)

18. In connection with the Remand Motion in the California Action, Defendants submitted evidence that the number of Non-Exempt Employees who worked for SCI's subsidiaries at all of their nationwide funeral locations from December 5, 2003 to February 28, 2008 was 31,814. *(See* Declaration of Joseph Schmuck, attached hereto as Exhibit F.[3])

19. The difference in the numbers is due to the limitation placed on the job titles of the employees that are part of *Stickle* and the different time periods at issue in the two cases. (*See* Exhibits D and F.)

20. Their latest effort in pursue of their FLSA and other wage claims against Defendants is Plaintiffs' Counsel's filing of 18 separate lawsuits in 17 state courts and one federal court. Those actions are currently pending in Arizona, Colorado, Florida, Georgia, Illinois, Indiana, Louisiana, Massachusetts, Michigan, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Tennessee, Virginia and Washington.

---

[3] Mr. Schmuck's Declaration was filed in opposition to the Motion for Remand in the California Action. *See*, California Action Dkt. 51.

7

<u>Citizens of Separate States</u>

21.   Plaintiffs and Defendants are citizens of separate states. *See* 28 U.S.C. § 1332(c) and (d) (2) (A). As to Plaintiffs, each alleges that they are residents of the State of Alabama. (Compl. ¶¶ 19 - 25.)

22.   As to the Defendants:

(a) Service Corporation International ("SCI") is a Texas corporation with its principal place of business in the State of Texas. More specifically, SCI's corporate headquarters is located in Houston, Texas.

(b) SCI Funeral and Cemetery Purchasing Cooperative, Inc. is a Delaware corporation with its principal place of business in the State of Texas.

(c) SCI Houston Market Support Center, LP is a Texas limited partnership that has a Texas corporation as its general partner and a Delaware limited partnership as its sole limited partner, the principal place of business for both the general and limited partners is in the State of Texas.

(d) Defendants Jane D. Jones, Gwen Petteway and Thomas Ryan are all citizens and residents of the State of Texas.

**Size of Potential Class**

23.   As noted above, the Complaint does not limit the Class Members to those working within the State of Alabama. Also as is noted, the list of employees that meet the alleged allegations of the Complaint exceed 10,000. (*See* Exhibit D.)

24.   Also, the defendants in the California Action included all of the Defendants in the current action. The allegations in the California Action are virtually identical to the allegations of the Complaint here. The California Complaint is asserted on behalf of Class Members who are

"employees and former employees of defendants who have suffered or permitted to work by defendants and not paid their regular or statutory required sate of pay for all hours worked." (Exhibit B ¶ 229). In the California Action, Plaintiffs' counsel alleged that the, "Class size is believed to be over 10,000 employees." (Exhibit B ¶ 230.)

25. Also, within the List provided to Plaintiffs' counsel in connection with *Stickle*, there were 507 employees with addresses within the State of Alabama. (*See* Portion of List sent to Plaintiffs' in *Stickle* regarding Alabama employees, attached hereto as Exhibit G and Exhibit D ¶ 6.)

26. Therefore, for the purpose of estimating the size of the potential class members, the requirements of 28 U.S.C. § 1332(d) (5) (B) are met.

### Amount in Controversy

27. Further, the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and cost.

28. The amount in controversy exceeds $5,000,000 regardless of whether this Court includes all "employees" that Plaintiffs claim worked for in any subsidiary of SCI or only those potential class members employed within the State of Alabama.

29. Based on the above, the number of potential Class Members is in excess of 10,000. Utilizing that number, the average claim of the potential Class Members would be $500.00 per person. In light of the length of the claim alleged in the Complaint, it cannot be questioned that the claims of the punitive Class Members will exceed $500.00 per person.

30. Also, all of the Plaintiffs in this action are Plaintiffs in the *Stickle* action. In connection with *Stickle*, the Plaintiffs responded to certain Interrogatories. Those Interrogatories asked them to provide sworn statements regarding the number of alleged hours they claim they

were not compensated for.  A copy of the Answers for Plaintiffs Cate and Cohee-Irby are attached hereto as Exhibits H and I, respectively.  Based upon the Answers provided and the number of potential class members, it is clear that the statutory prerequisite is met in this case.  For example, together, these Plaintiffs allege that they were not paid for the various items alleged in the Complaint for over 150 hours per month or 1,800 per year.  If these two Plaintiffs are "representative" of the class, each class member may be entitled to collect wages for 900 hours of work per year.

31.  Based upon the information contained in the Declaration of Joseph Schmuck, attached hereto as Exhibit F, the hourly rate for the employees at issue is a low of $7.14 to $26.52 per hour, or and average of $16.83. (Exhibit F ¶ 13)  At those rates, assuming only 507 class members, the jurisdictional amount is reached if each member of the class seeks payment of a total of 586 hours over the time period at issue.  Since that period, as alleged by Plaintiffs is "tolled" that period will between two years (fraud) and six years (breach of contract).

32.  Moreover, Plaintiffs' counsel has admitted that based on the allegations contained in the Complaint, the amount in controversy is met.  One of the 18 actions recently filed by Plaintiffs' counsel is an action filed in the U.S. District Court for the Western District of Virginia, Stanfield Division, captioned *Juanita Walker on behalf of herself and all other employees similarly situated, Plaintiffs, v. Service Corporation International, SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Eastern Market Support Center, L.P., Jane D. Jones, Gwen Petteway and Thomas Ryan, Defendants* Civil Action No. 4:10-cv-00048-jlk.  A copy of the Virginia Complaint is attached as Exhibit J.

33.  The sole basis for federal jurisdiction in that case is alleged to be U.S.C. § 1332(b)(2).  Specifically, Plaintiffs allege that the class size is at least 100 employees and that

10

the aggregate damages in that case are more than $5,000,000, exclusive of interest and costs. (*See* Exhibit J, ¶¶ 18-20.)

34. Moreover, the identity of the potential Class Members in the Virginia case and in the case before this Court are identical. In the Virginia case, Plaintiffs allege that the "Class Members are those employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutory required rate of pay for all hours worked." (*See* Exhibit J ¶ 23.) The allegation in this case relating to the Class Members is identical. (Compl. ¶ 23.)

35. Even if the Class Members in the Virginia Case are limited to those working in Virginia, Plaintiffs' counsel's allegations that the $5,000,000 statutory prerequisite is met in that case prohibits them from questioning the same here.

36. In connection with *Stickle*, the List provided to Plaintiffs included 300 Virginia employees. A copy of the Portion of List sent to Plaintiffs' in Stickle regarding Virginia employees is attached as Exhibit K. (See also Exhibit D ¶ 13.)

37. Here, for the purpose of estimating the number of potential Class Members, assuming that the class is limited to only those employees in Alabama, Defendants have reviewed their employment records and based on the allegations contained in the Complaint, the number of employees within the State of Alabama is a minimum of 507, which far exceeds those in the State of Virginia. (*See* Exhibit D ¶ 10.)

38. It is axiomatic that if requirements of CAFA are satisfied in the California Action, and as alleged by Plaintiffs' Counsel in the Virginia Action, based on the identical allegations, the amount in controversy requirement for jurisdiction, would likewise meet that requirement.

39. Alternatively, if 300 employees in Virginia, based on the identical allegations, meet the amount in controversy requirement for jurisdiction, 507 employees working within the State of Alabama would likewise meet that requirement.

40. Based on Plaintiffs admissions in the Virginia Complaint and the other pleadings, the amount in controversy is met in this case.

### General Statement

41. In alleging the amount in controversy for the purpose of removal, Defendants do not concede in any way that the allegations in the Complaint are accurate, that Plaintiffs and/or any punitive class members worked for these Defendants or worked any time without receiving all legally required compensation, that Defendants committed any of the wrongful acts alleged in the Complaint, that Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Nor do Defendants concede that Plaintiffs' class is properly defined, that Defendants should or can be stopped from asserting the statute of limitations as a defense in this matter, or that class certification is appropriate. Finally, this Notice of Removal does not waive any objections Defendants have to personal jurisdiction or any and all of the other claims all of which are expressly preserved herein.

WHEREFORE, the above-entitled action is hereby removed to this Court from the Circuit Court for Montgomery County, Alabama.

Submitted this the 17th day of December, 2010.

/s/ T. Scott Kelly
T. Scott Kelly (ASB-0345-O50K)
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203-2118
Ph. (205) 328-1900; Fax: (205) 328-6000

## CERTIFICATE OF SERVICE

      I do hereby certify that I served a copy of the foregoing pleading filed on today's date with the United States District Court for the Middle District of Alabama, Northern Division, via First Class, U.S. Mail on this 17th day of December, 2010, upon the following:

| | |
|---|---|
| David Arendall | J. Nelson Thomas |
| Allen D. Arnold | Annette Gifford |
| Arendall & Associates | Sarah Cressman |
| 2018 Morris Avenue | Thomas & Solomon, LLP |
| Birmingham, AL 35203 | 693 East Avenue |
| | Rochester, NY 14607 |

_____
OF COUNSEL