IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| DOUGLAS CATE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:10cv1075-MHT |
| | ) | (WO) |
| SERVICE CORPORATION | ) | |
| INTERNATIONAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

This is a class action brought by the employees at

Alabama funeral homes against their employers for

allegedly unpaid wages.  The plaintiffs are Douglas

Cate, Gregory Cunningham, Bebe Dowe, Marjorie Jackson,

James Lovvorn, Michael Powell, and Kemberley Cohee-

Irby;  the  defendants  are  Service  Corporation

International ("SCI"), SCI Funeral and Cemetery

Purchasing Cooperative, Inc., SCI Houston Market

Support Center, L.P., Jane D. Jones, Gwen Petteway,

and Thomas Ryan.

This case, which was removed from state to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), is now before the court on the plaintiffs' motion to remand.  Afer a review of the evidence, this court is of the opinion, and so finds factually by a preponderance of the evidence, that the amount-in-controversy is less than $ 5 million.  The remand motion will be granted.


I.

Federal courts are of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  A federal court may hear a case only if authorized to do so by federal law. Kokkonen, 511 U.S. at 377.

One statutory right of removal exists under CAFA. "Under CAFA, to remove a mass action to federal court, a defendant must show: (1) an amount in controversy of

an aggregate of $ 5,000,000 in claims: (2) minimal
diversity; (3) numerosity involving monetary claims of
100 or more plaintiffs; and (4) commonality showing
that the plaintiffs' claims involve common questions
of law or fact." <u>Thomas v. Bank of America Corp.</u>, 570
F.3d 1280, 1282 (11th Cir. 2009); <u>see also</u> 28 U.S.C.
§ 1332(d).  CAFA allows individual class members'
claims    to    be    aggregated    to    meet    the
amount-in-controversy   requirement.    28   U.S.C.
§ 1332(d)(6).

For purposes of removal under CAFA, where damages
have  not  been  specified  by  the  plaintiff,  the
defendant   bears   the   burden   of   proving   by   a
preponderance of the evidence that the $ 5,000,000
amount-in-controversy    requirement    for    federal
diversity jurisdiction is met. <u>Pretka v. Kolter City</u>
<u>Plaza II, Inc.</u>, 608 F.3d 744, 751 (11th Cir. 2010);
<u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319
(11th Cir. 2001).  In assessing whether the defendant

3

has met its burden, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Pretka, 608 F.3d at 754 (quoting 16 James Wm. Moore et al., Moore's Federal Practice § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)).  This evidence may come from the plaintiff, the defendant, or the court.  Id. at 768.

## II.

### A.

The only jurisdictional disagreement between the parties is whether the defendants have met CAFA's amount-in-controversy requirement.  In their motion to remand, the plaintiffs argue that the defendants have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $ 5 million.

4

See 28 U.S.C. § 1332(d) (setting out the requirements for federal jurisdiction under CAFA).  They argue that the "defendants' amount in controversy here is based on speculation and unreliable estimates, including misplaced reliance on other litigation."  Mot. Remand at 6 (Doc. No. 12).  The defendants agree that it is their burden to prove that the amount-in-controversy requirement has been met, but they maintain that they have presented evidence sufficient to establish that plaintiffs are seeking more than $ 5 million.

When the jurisdictional amount in controversy is not facially apparent from the complaint, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 James Wm. Moore et al., Moore's

5

Federal Practice § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)).  Thus, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." Id. at 755. While any "specific factual allegations establishing jurisdiction" made by the defendants must be supported, the evidence used to do so may be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754.

In addition, the evidence submitted in support of removal need not have been received by the defendants from the plaintiffs or the court when, as here, removal arises under the first paragraph of 28 U.S.C. § 1446(b).[1]  Id. at 768-69.  In Lowery v. Alabama

---

1.  28 U.S.C. § 1446(b) reads in full as follows:

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial
(continued...)

6

Power Co., the Eleventh Circuit Court of Appeals held

that evidence "gathered from outside sources," rather

than received from the plaintiffs, "is not of the sort

contemplated by § 1446(b)."  483 F.3d 1184, 1221 (11th

Cir. 2007).  However, Pretka distinguished Lowery's

---

1(...continued)
    pleading setting forth the claim for
    relief upon which such action or
    proceeding is based, or within
    thirty days after the service of
    summons upon the defendant if such
    initial pleading has then been filed
    in court and is not required to be
    served on the defendant, whichever
    period is shorter.

    "If the case stated by the initial
    pleading is not removable, a notice
    of removal may be filed within
    thirty days after receipt by the
    defendant, through service or
    otherwise, of a copy of an amended
    pleading, motion, order or other
    paper from which it may first be
    ascertained that the case is one
    which is or has become removable,
    except that a case may not be
    removed on the basis of jurisdiction
    conferred by section 1332 of this
    title more than 1 year after
    commencement of the action."

holding, limiting it to cases in which removal is sought under the second paragraph of § 1446(b).  608 F.3d at 767.  When a defendant seeks to remove under the first paragraph of § 1446(b), within 30 days of receipt of the complaint, then <u>Lowery</u>'s "'receipt from the plaintiff' rule" does not apply, and "the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court."  <u>Id</u>. at 768-69.

Here, the defendants have used a wide variety of evidence in support of their contention that CAFA's amount-in-controversy requirement is satisfied.  Most of this evidence is based on submissions made in the various cases that preceded, or are parallel to, this litigation.  Ultimately, this court finds that some of this material qualifies as "evidence" indicative of the amount in controversy in the instant case, while some does not.

B.

First, there is a disagreement between the parties over whether the plaintiffs' complaint states the claims of all SCI employees nationwide or just those who worked in Alabama.  The defendants argue that "the Complaint does not limit the Class Members to those working within the State of Alabama," such that "the list of employees that meet the [] allegations of the Complaint exceed 10,000."  Not. Removal ¶ 23 (Doc. No. 2).  The plaintiffs, however, contend that, "The complaint here encompasses only employees who have claims under Alabama state law, and defendants have not shown that employees who work or live outside of Alabama can recover damages in the instant action."  Mot. Remand at 7 (Doc. No. 12).  While the complaint does not expressly state that it is asserted on behalf of Alabama employees only, it does note that the District Court for the Northern District of California, which handled one of the cases

9

that preceded this one, dismissed without prejudice
certain claims, "including the state law claims of
employees in Alabama." Comp. ¶ 14.  It then avers
that, "The instant action was filed within 30 days of
the effective date of the dismissal without prejudice
of the Alabama state law claims." Id. ¶ 16.
Furthermore, the defendants have presented no evidence
that suggests that any of their employees outside of
Alabama could recover under this State's laws.  This
court therefore factually finds by a preponderance of
the evidence that the plaintiffs assert claims on
behalf of only the defendants' employees in the State
of Alabama.


                            C.

     Because the plaintiffs' complaint comprises
claims on behalf of Alabama employees only, the next
question is how many employees SCI had in Alabama.
This is an important issue not only because of CAFA's

                            10

numerosity requirement, but because individual claims must be aggregated to determine whether they meet the $ 5 million amount-in-controversy requirement.  The defendants state that there were 507 employees in Alabama and base this allegation on a list of employees provided by the defendants in an Arizona case that preceded this one.  Not. Removal ¶ 17 (Doc. No. 2).  The plaintiffs do not dispute this number, and the court finds that a document provided by SCI listing its own employees is sufficient to establish the number of people it employed in Alabama.

Relying on this 507 figure, the defendants try to establish that the plaintiff class's claims meet the amount-in-controversy requirement.  They first divide $ 5 million by 507, the number of employees in Alabama, to reach what they contend each plaintiff would need to claim: $ 9,862.  The defendants then divide that jurisdictional amount average by the state minimum wage, $ 7.25 per hour, to come up with an

estimate of the number of hours of unpaid work each
employee in Alabama would need to claim.  Based on
that calculation, according to the defendants, each
employee in Alabama must claim at least 1,360 hours of
unpaid work over a three-year timeframe.[2]  The
defendants use sworn interrogatories submitted in the
Arizona litigation by the named plaintiffs in this
action to show that each of them claims more than
1,360 hours of unpaid work over a three-year period.
Thus, the defendants argue, "it is clear that the
value of each Class Member's claim will far exceed
$ 9,862." Def. Br. at 11.

The court does not take issue with the
defendants' use of the named plaintiffs'
interrogatories as such.  Though they were submitted

_____

        2.  The period of liability for the plaintiffs'
claims run from two years for their fraud claims to
six years for their breach-of-contract claims.  The
defendants have therefore employed "a conservative
three year statute of limitations" in their
calculations.  Def. Br. at 12 (Doc. No. 19).

in different litigation, they are sworn statements
about hours that the plaintiffs worked for which they
did not receive payment, which is also at issue here.
However, as the plaintiffs point out, "[t]he ...
Interrogatory Responses are not reliable estimates of
plaintiffs' estimated damages in this action because
the [Arizona] action includes categories of unpaid
time resulting from policies not even alleged in this
action." Pl. Reply at 5 (Doc. No. 22). For instance,
the Arizona case was an action under the Federal Labor
Standards Act, 29 U.S.C. §§ 201-219, and included
damages for claims resulting from "eight (8) separate
policies or classes," such as a training policy;
"whereas the instant action alleges only four (4)
separate policies or classes," such as a meal breaks
policy. Id. The burden is on the defendants to
"establish that the claims are factually, not just
legally, similar." Pretka, 608 F.3d at 769. This

court is therefore convinced, an so finds factually,

that the defendants have not done so here.


D.

The defendants also make arguments based on suits

filed by plaintiffs' counsel in other States.   The

defendants assert that the plaintiffs' counsel filed

a lawsuit similar to the instant one in a Virginia

federal court on behalf of defendants' employees

there.   The Virginia suit alleges jurisdiction under

CAFA and makes almost identical claims under Virginia

law to those here; the defendants have only 300

employees in that State.   Therefore, according to the

defendants, "if 300 employees in Virginia, based on

the   identical   allegations   meet   the   amount-in-

controversy requirement for jurisdiction, then 507

employees working in Alabama would likewise meet that

requirement." Def. Br. at 10 (Doc. No. 19).  However,

the allegations at issue are not "identical" because

14

they arise in different States under their respective
laws.  This court is not convinced by a preponderance
of the evidence "the claims are factually, not just
legally, similar."  Pretka, 608 F.3d at 769.

Similarly, the defendants' contention that the
denial by a federal court in Louisiana of a similar
motion to remand should be dispositive here is not
persuasive either.  The suit in Louisiana was filed on
behalf of the defendants' employees in that State,
alleging violations of Louisiana law.   Again, this
court is not convinced by a preponderance of the
evidence that, under Alabama law, plaintiffs have
stated claims worth $ 5 million or more.

The court agrees with the plaintiffs' statement
that, "Defendants' assertion that the ... Virginia,
and Louisiana actions are identical to the instant
lawsuit is simply wrong, as each of these actions
seeks to represent different classes of employees for

15

different claims under different state laws." Pl.
Reply at 2 (Doc. No. 22).

The court comes to the same conclusion regarding
a settlement offer made by plaintiffs in a
Massachusetts action brought on behalf of the
defendants' employees there. However, the settlement
proposal submitted by the defendants does not have a
breakdown of the claims at issue or detail how the
Massachusetts plaintiffs arrived at that figure; and
it says that the "Plaintiffs are open to negotiation"
on the settlement amount. Def.'s Ex. 2 (Doc. No. 19-
2). Furthermore, it is a settlement offer made on
behalf of different plaintiffs in a different State.
This court is not convinced by a preponderance of the
evidence, by the information in the settlement
proposal, that the plaintiffs' claims in the instant
action are worth more than $ 5 million. See Jackson
v. Select Portfolio Servicing, Inc., 651 F.Supp.2d
1279, 1281 (S.D. Ala. 2009) (Steele, J.) (stating that

16

"What [a settlement offer] counts for ... depends on the circumstances," and that they "commonly reflect puffing and posturing," making them "entitled to little weight in measuring the preponderance of the evidence.").

### E.

Perhaps most importantly, the defendants here have submitted no evidence that suggests that (1) every one of their employees in Alabama has a colorable claim for uncompensated hours worked or (2) that those claims will be factually similar to those of the named plaintiffs, that is, for more than 1,360 hours. The complaint defines each of the four classes of employees represented not as "All employees of Defendants," but as, for example, "All current and former hourly paid employees of Defendants who worked as Funeral Directors, Embalmers or Family Services Counselors at an SCI location prior to July 2007 and

17

who were encouraged or required to perform community work ... but were not compensated." Comp. ¶ 27 (Doc. No. 2-1). The other three classes of employee are similarly limited as to position and type of unpaid work required of them. The defendants have presented no evidence to indicate that all 507 Alabama employees fall within one of the four described plaintiff classes.

Moreover, there is no evidence that all class members will have claims for damages similar to those alleged by the named plaintiffs. "[T]he typicality element of a class action, by itself, does not allow [a court] to infer that the amounts of the named plaintiffs' claims are similar to those of other class members." Pretka, 608 F.3d at 769; see also Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984) ("Differences in the amount of damages between the class representative and other class members do[ ] not affect typicality."). The

18

defendants have not shown by a preponderance of the
evidence that the sums allegedly due the named
plaintiffs (which, as discussed above, are not
necessarily accurate) are similar to those of the rest
of the class.

For these reasons, this court is again not
convinced by a preponderance of the evidence that the
plaintiffs' claims in the instant action are worth
more than $ 5 million.


**F.**

Finally, the defendants argue that the
plaintiffs' claims for attorneys' fees, punitive
damages, and injunctive relief should all be included
in any calculation of the amount in controversy. "The
general rule is that attorneys' fees do not count
towards the amount in controversy unless they are
allowed for by statute or contract." <u>Federated Mut.
Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 808

19

n.4 (11th Cir. 2003) (ruling in the context of regular diversity jurisdiction); see also Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007) (stating that, in general, attorneys' fees are only used to calculate the jurisdictional amount when authorized by the underlying statute and that attorneys' fees have been used to calculate the amount in a class action). None of the plaintiffs' claims here is made under statute; nor have the defendants identified any contract that would make attorneys' fees applicable to the amount in controversy. The defendants have also not established any range for a prospective punitive damages amount, such that the court should consider them. And, while the defendants urge the court to "consider the cost to Defendants of complying with such an order [granting injunctive relief]," Def. Resp. at 13 (Doc. No. 19), they have given the court no sense of what that cost might be. As a result, the court finds that, even with these

potential figures in its calculation, it is not
convinced by a preponderance of the evidence that the
plaintiffs' claims in the instant action are worth
more than $ 5 million.

                          ***

    While "a removing defendant is not required to
prove the amount in controversy beyond all doubt or to
banish all uncertainty about it," <u>Pretka</u>, 608 F.3d at
754, this court is convinced, and so finds factually,
that the evidence does not convince the court by a
preponderance of the evidence that the amount in
controversy is greater than $ 5 million.  Indeed, the
court is convinced to the contrary: that the amount in
controversy is less than $ 5 million.  An appropriate

order will therefore be entered granting the

plaintiffs' remand motion.

    DONE, this the 6th day of September, 2011.

                                     <u>   /s/ Myron H. Thompson   </u>
                                       UNITED STATES DISTRICT JUDGE